UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:14-cv-61376-BB

AADYN TECHNOLOGY, LLC, a Delaware
Limited Liability Company; FRANK
GALLAGHER, a New Jersey citizen; MARC
KAYE, a Florida citizen; and WALTER
LEFLER, a New Jersey citizen,

       Plaintiffs,

vs.

PROFESSIONAL LED LIGHTING, LTD., an
Illinois company; PRODUCT
PRODUCTIONS, INC., an Illinois company;
and PHILIP CONTURSI, an Illinois citizen,

       Defendants.
_____/

PROFESSIONAL LED LIGHTING, LTD.,

       Counterclaim Plaintiff,

vs.

AADYN TECHNOLOGY, LLC,
FRANK GALLAGHER, MARC KAYE,
and WALTER LEFLER,

       Counterclaim Defendants.
_____/

**PLAINTIFFS'/COUNTERCLAIM DEFENDANTS' MOTION TO DISMISS
COUNTS I, II, V, VI AND VIII OF DEFENDANT'S/COUNTERCLAIM PLAINTIFF'S,
PROFESSIONAL LED LIGHTING, LTD., COMPLAINT/COUNTERCLAIM
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiffs/Counterclaim Defendants, AADYN TECHNOLOGY, LLC ("Aadyn"), FRANK

GALLAGHER ("Gallagher"), MARC KAYE ("Kaye") and WALTER LEFLER ("Lefler")

1

(collectively, "Counterclaim Defendants"), by and through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(6) and S.D. Fla. L.R. 7.1.A, hereby move this Court to dismiss, with prejudice, counts I, II, V, VI and VII of Defendant's/Counterclaim Plaintiff's, PROFESSIONAL LED LIGHTING, LTD. ("LED"), Complaint/Counterclaim, and as grounds therefor states as follows:

1.    This case arises from the relationship between Aadyn, Gallagher, Kaye, and Lefler, on the one hand, and Philip Contursi ("Contursi") and his entities, Professional LED Lighting, Ltd. ("LED"), and Product Productions, Inc. ("PPI"), on the other.

2.    On April 4, 2014, LED filed an eight-count Complaint against Aadyn and the individual Counterclaim Defendants in the Northern District of Illinois, Case No. 14-cv-02440 (the "Illinois Action"). Plaintiffs/Counterclaim Defendants filed a motion to dismiss the Illinois Action on a variety of grounds and the Illinois Court granted Plaintiffs'/Counterclaim Defendants' motion in part and transferred the Illinois Action to this Court, at Case No. 14-cv-62768 (the "Transferred Action"). Transferred Action ECF Nos. [24 and 27]. The Illinois Court denied without prejudice the remainder of Plaintiffs'/Counterclaim Defendants' original motion to dismiss.

3.    On June 13, 2014, Plaintiffs/Counterclaim Defendants filed a three count Complaint against LED, PPI, and Contursi in the Southern District of Florida, Case No. 14-cv-61376 (the "Florida Action"). LED, PPI, and Contursi each failed to respond or make any appearance in the Florida Action and Final Default Judgment was entered as to Count I against PPI and LED on December 18, 2014. Florida Action ECF No. [28]. The present motion to dismiss is made in accordance with the Court's December 16, 2014 Order consolidating the Illinois and Florida Actions and Ordering Plaintiffs/Counterclaim

Defendants to file a responsive pleading or motion with respect to LED's Complaint.[1] Florida Action ECF No. [27] and Transferred Action ECF No. [33].

4. As such, Plaintiffs/Counterclaim Defendants now move to dismiss Counts I (fraud), II (civil conspiracy), V (fraud), VI (civil conspiracy) and VIII (copyright infringement) of LED's Complaint/Counterclaim, filed at Transferred Action ECF No. [1].

5. In its Complaint/Counterclaim, LED claims that Contursi provided business consulting and marketing services to Aadyn, PPI produced promotional videos for Aadyn, and LED sold Aadyn products (various lights and lighting related materials). Aadyn is a small company specializing in the design and production of lights and lighting equipment and, in 2011, had only just been formed. LED claims that the Gallagher, Kaye and Lefler repeatedly assured Contursi that he would be compensated for his consulting and marketing efforts but that Aadyn has subsequently refused to make any payments to him. LED asserts that PPI owns the copyrights to videos it allegedly made on behalf of Aadyn and that Aadyn has used the videos without compensating PPI for their production. Finally, LED claims that Aadyn has failed to pay it commissions for some of the sales LED completed before the relationship between the parties devolved. Although LED claims that Contursi, PPI, and LED all have claims against Plaintiffs/Counterclaim Defendants based on these alleged facts, LED is the only named Counterclaim Plaintiff; LED claims that Contursi and PPI assigned their choses in action to LED. Most of the claims presented by LED must be dismissed.

---

[1] As the Court is aware, the December 16, 2014 Order specifically permits the revival of "issues not addressed and denied without prejudice by the" Illinois Court. Florida Action ECF No. [27] and Transferred Action ECF No. [33].

6.     First, as set out in the Complaint/Counterclaim, LED premised the Illinois Court's federal question jurisdiction on the allegation that Plaintiffs/Counterclaim Defendants infringed a copyright held by PPI; however, PPI is not a party to this Complaint//Counterclaim.[2]  See Compl., Transferred Action ECF No. [1], at  7, 13, 59, 115-118, 123-126.  Because LED, the only named Counterclaim Plaintiff, has not alleged and does not possess any exclusive rights to the putative copyrights in suit, LED cannot state a claim for copyright infringement.  This claim must be dismissed as a matter of law.

7.     Second, several of LED's state law claims fail to state a claim upon which relief can be granted.  In particular, LED has alleged that the members of a Limited Liability Company conspired with the company, a claim not cognizable in Florida.  In addition, LED has captioned its fraud claims (Counts I and V) as against all Counterclaim Defendants, but only alleges that misrepresentations were made by the individual Counterclaim Defendants, not Aadyn.  Accordingly, Aadyn must be dismissed from Counts I and V.  In addition, with respect to the individual Counterclaim Defendants, LED's fraud and civil conspiracy allegations are fatally incomplete and, under Rule 9(b), must be dismissed in their entirety.

---

[2]     LED makes only conclusory allegations regarding diversity jurisdiction.  Indeed, LED's only such allegation appears in paragraph 7 of its Complaint: "This Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332."  At no point does LED allege any claim for damages that "exceeds the sum or value of $75,000[.]"  28 U.S.C. § 1332.  As such, this left LED's copyright allegations as the only basis for the Illinois Court's subject matter jurisdiction.

4

**STATEMENT OF FACTS**

A.   *<u>LED's Claims</u>*[3]

As alleged by LED, Counterclaim Defendants first met Contursi in April 2011 and shortly thereafter Contursi began to provide consulting services to Aadyn.  See Compl., Transferred Action ECF No. [1], at 15-20.  Eventually, Contursi's entities, LED and PPI, entered into sales representative and dealership agreements with Aadyn.  These documents are attached to LED's Complaint as Exhibits C and E, respectively.  By the terms of the agreements, LED became a dealer and PPI became a sales representative.  Despite the non-assignment provision that appears in Paragraph 19 of the Dealer Agreement, LED claims that PPI and LED assigned these agreements to each other thereby making LED the sales representative and PPI the dealer.  *Id.* at  46-54.

LED claims that the relationship between the parties soured when Aadyn refused to pay Contursi for various consulting services he allegedly provided to Aadyn, refused to pay PPI for various videos allegedly produced for Aadyn, and failed to pay certain commissions allegedly earned by LED under the assigned Sale Representative Agreement.  LED alleges that PPI and Phillip Contursi assigned their choses in action to LED.  See Compl., Transferred Action ECF No. [1], at  13-14.

LED, the only named Counterclaim Plaintiff, asserts the following claims against Plaintiffs/Counterclaim Defendants, some in its own name, and some on behalf of PPI or Contursi: (i) fraud against all Counterclaim Defendants based on allegedly false

---

[3]   Although Plaintiffs/Counterclaim Defendants dispute the accuracy of most of the facts alleged in LED's Complaint, because for the purposes of a motion to dismiss the Court must assume the facts alleged in the Complaint are true, the facts reported here are drawn from LED's Complaint.

representations made to Contursi by the individual Counterclaim Defendants; (ii) civil conspiracy against all Counterclaim Defendants premised on an alleged agreement between Counterclaim Defendants to harm Contursi; (iii) unjust enrichment against Aadyn alleging that Aadyn improperly captured Contursi's efforts; (iv) breach of contract against Aadyn alleging that Aadyn breached the terms of a sales representative agreement that PPI assigned to LED; (v) fraud against all Counterclaim Defendants based on allegedly false representations made to PPI by the individual Counterclaim Defendants; (vi) civil conspiracy against all Counterclaim Defendants alleging that Counterclaim Defendants agreed to harm PPI; (vii) unjust enrichment against Aadyn alleging that Aadyn improperly captured PPI's efforts; (viii) copyright infringement against all Counterclaim Defendants for the alleged infringement of PPI's copyrights. *See* Compl., Transferred Action ECF No. [1], at 62-126.

The eight claims LED asserts against Counterclaim Defendants all stem from the relationship between Counterclaim Defendants and LED, PPI, and Contursi. In sum, LED alleges that Aadyn and several individual members of Aadyn enticed Contursi, LED, and PPI to perform various services for Aadyn and then failed to properly compensate them for their efforts.

### B. *LED's Copyright Allegations*

LED alleges that PPI created several promotional videos at Aadyn's behest between July 2011 and April 2013. *See* Compl., Transferred Action ECF No. [1], at 56. LED claims that PPI, and not LED, possesses all ownership rights to these videos and that Aadyn used but failed to compensate PPI for the creation of these videos. *Id.* at 57-61, 113-126. Finally, LED alleges that PPI applied for registration of its alleged copyrights on April 4,

2014, at least a year after the final video was created and after the alleged infringement began. *Id.*

## MEMORANDUM OF LAW

### A. *Standard of Review*

While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. V. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citations omitted). For the purpose of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Regardless of the alleged facts, however, a court "shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006); *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. *LED Cannot Assert Infringement of PPI's Copyright*

In count VIII of its Complaint, LED asserts a claim for breach of several copyrights it alleges are owned by PPI. See Compl., Transferred Action ECF No. [1], at 113-126.

Under the Copyright Act, only the "legal or beneficial owner of an exclusive right under a copyright" may "institute an action for any infringement of that particular right while

he or she is the owner of it." 17 U.S.C. § 501(b); *Home Design Servs., Inc. v. Park Square Enters., Inc.*, 2005 WL 1027370, *2 (M.D. Fla. May 2, 2005). Therefore, a party that does not possess an exclusive right under the copyright lacks standing to bring claims under the Copyright Act. To be sure, the bare assignment of the right to sue is not an exclusive right under the Copyright Act. *See Lorentz v. Sunshine Health Prods., Inc.*, 2010 WL 3733986, * 8 (S.D. Fla. Aug. 27, 2010). This principle is widely applied. *See e.g., ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F. 2d 971, 980 (2d Cir. 1991) ("[T]he Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf."); *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884, 890 (9th Cir. 2005) ("The right to sue for an accrued claim for infringement is not an exclusive right under § 106" thus "[t]he bare assignment of an accrued cause of action" does not satisfy the standing requirement of § 501(b)); *HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 381-82 (7th Cir. 2011) (rehearing en banc denied) (holding that copyright infringement claims brought by a party that does not possess an exclusive right under the copyright must be dismissed with prejudice under Rule 12(b)(6)).

Here, LED does not own any interest in the copyrights in suit and does not possess any exclusive license to them. *See* Compl., Transferred Action ECF No. [1], at 114-126. To the contrary, LED alleges in its Complaint that PPI, and PPI alone, is the owner of the copyrights in suit and enjoys all of the "exclusive right[s]" to the copyrights. *Id.* at 116, 121; *see also* Compl., Transferred Action ECF No. [1], at 124-125 (describing the copyrights in suit as "PPI's copyright"). In particular, LED alleges that PPI "enjoys the exclusive right to, among other things, publish the Videos, reproduce the Videos, prepare

derivative works based on the Videos, and distribute copies of the Videos." *Id.* at 116. Therefore, according to LED, PPI possesses all of the exclusive rights to the copyrights in suit and LED possesses none. *Id.* Indeed, LED alleges that PPI attempted to register the copyrights in suit with the United States Copyright Office. *Id.* at 115. The registrations sought were granted. *See* Certification of Darth M. Newman, Esquire at Exhibit A, Email from United States Copyright Office Confirming Copyright Registrations at Transferred Action ECF No. [11-1]; *Hodge v. Orlando Utils. Comm'n*, 2009 WL 5067758, at *3-4 (M.D. Fla. Dec. 15, 2009) (noting that documents that are "(1) central to the plaintiff's claim and (2) undisputed, meaning that the authenticity of the documents are not challenged" may be considered on a motion to dismiss). Further, PPI's assignment of its choses in action did not assign any exclusive rights under the Copyright Act to LED. *See Silvers*, 402 F.3d at 884, 890. Thus, PPI, and not LED, is the registered copyright holder for each of the copyrights in suit. *Id.* And, just to be sure, LED did not allege that it has or will suffer any damages related to the alleged infringement. *See* Compl., Transferred Action ECF No. [1], at 126.

Defendants previously raised LED's lack of standing under § 501(b) as grounds for dismissing LED's copyright claims in the Illinois Action.[4] *See* Florida Action ECF No. [1-11] or Transferred Action ECF Nos. [11 and 12]. In response to Counterclaim Defendants' motion to dismiss filed in the Illinois Action, LED asserted, exclusively through its attorneys and without submitting any supporting affidavits, that PPI orally assigned all of its

---

[4] The Illinois court never addressed the copyright standing issue and instead dismissed and transferred the Illinois Action to this Court based on the forum selection clause in the parties' Sales Representative Agreement, which forms the basis for LED's claims. Transferred Action ECF Nos. [24 and 25].

copyrights to LED before LED filed its Complaint on April 4, 2014 in the Illinois Action. *See* Transferred Action ECF Nos. [18 and 18-1]. This new assertion directly contradicts LED's Complaint, which explicitly alleges that PPI owns the videos in question, the video copyrights, and all exclusive rights thereto. *See* Compl., Transferred Action ECF No. [1], at 56, 58-61, 116, 121, 124-126. Had PPI actually assigned more than its choses in action to LED on April 4, 2014, LED would not have alleged in its Complaint that PPI possessed all exclusive rights to the videos and copyrights in question. Only when faced with dismissal of its Complaint did LED's counsel come forward with the new assertion that PPI did not assign merely its choses in action to LED, but also its copyright. In support of this assertion, LED's counsel submitted a document purporting to be a *nunc pro tunc* agreement bearing the same date as LED's memorandum of law and purporting to retroactively assign PPI's alleged copyrights to LED.

Setting aside for a moment the fact that the Court cannot consider documents outside the Complaint on a motion to dismiss, which alone bars consideration of the newly minted agreement, the language used in the *nunc pro tunc* agreement itself is suspicious. *Hodge*, 2009 WL 5067758 at *3 (noting that on a motion to dismiss "a court must limit its consideration to the complaint, the written instruments attached to it as exhibits, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); Transferred Action ECF No. [18-1]. The new agreement baldly asserts that the written April 4, 2014 assignment of choses in action was really PPI's oral agreement to assign LED its copyrights. Of course, this recasting stands in direct conflict with both common sense and the language of the April 4, 2014 agreement LED attached to its Complaint. The April 4, 2014 assignment is as plain an assignment of choses in

action as it is possible to draft; it makes no mention of copyrights.

In an effort to avoid dismissal, LED appears to have simply created new facts, but LED's new facts cause more problems than they solve. If PPI assigned ownership of the videos and copyrights to LED on April 4, 2014, then paragraphs 58, 116, 121, and 124-126 of the Complaint were false when filed on April 4, 2014. If, on the other hand, the allegations in the Complaint are accurate, LED's more recent fabrication of a pre-Complaint assignment is false.

Putting aside LED's deficient Complaint and questionable subsequent contradictory allegations, the *nunc pro tunc* copyright assignment does not cure LED's lack of standing because the document does not expressly assign the right to sue for past infringements. *Lorentz*, 2010 WL 3733986, *8 ("If Plaintiff did not have the right to sue for accrued infringements at the time she filed this action, she lacks standing to maintain this action."); *Infodek, Inc. v. Meredith-Webb Printing Co.*, 830 F. Supp. 614, 620 (N.D. Ga. 1993) (quoting *Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir. 1969)[5] ("[A] mere assignment of a copyright does not of itself transfer to the assignee any cause of action for infringements that occurred prior to the assignment. Unless the assignment of copyright contains language explicitly transferring causes of action for prior infringements, the assignee cannot maintain a suit for infringements [that] happened before the effective date of the assignment."). *C.f. Oceans of Images Photography, Inc. v. Foster & Smith, Inc.*, 2012 WL 5878092, *4 (M.D. Fla. Nov. 21, 2012) (holding that nunc pro tunc assignment

---

[5] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981, en banc ), adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

memorializing prior oral copyright assignment established standing where assignment included "explicit language transferring causes of action for prior infringements").

Neither the April 4, 2014 chose-in-action assignment, nor the subsequently filed copyright assignment, expressly states that PPI assigned to LED the right to sue for past infringement. Accordingly, even if PPI's purported copyright assignment were properly before this Court - which it is not - it would not cure LED's lack of standing under § 501(b). Because LED does not possess any exclusive rights to the copyrights in suit, LED does not have standing to pursue a copyright infringement claim and the Court must dismiss Count VIII of LED's Complaint with prejudice.

### C. The Court Should Award Counterclaim Defendants Their Attorneys' Fees Under 17 U.S.C. § 505

Under the Copyright Act, District Courts have the discretion to award prevailing parties their attorneys' fees. 17 U.S.C. § 505; *Montgomery v. Noga*, 168 F.3d 1282, 1304 (11th Cir. 1999). "The United States Supreme Court has held that successful plaintiffs and defendants are equally entitled to recover costs and attorney's fees under Section 505." *Lil' Joe Wein Music, Inc. v. Jackson*, 2008 WL 2688117, *4 (S.D. Fla. July 1, 2008) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). Frequently, courts award plaintiffs their "'full costs and attorney's fees' in order to: '(1) deter future copyright infringement; (2) ensure that all holders of copyrights which have been infringed will have equal access to the court to protect their works; and (3) penalize the losing party and compensate the prevailing party.'" *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1315 (S.D. Fla. 2003). In *Fogerty*, the Supreme Court set forth nonexclusive factors to guide District Courts considering an award of fees. *Indyne, Inc. v. Abacus Tech. Corp.*, 2014 WL

1400658, * 5-6 (M.D. Fla. February 25, 2014) (citing *Fogerty*, 510 U.S. at 535 n. 19). "These factors include frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Fogerty*, 510 U.S. at 535 n. 19 (internal quotation and citation omitted).

    Each of these factors weighs in favor of the award of fees here. LED's copyright claim is patently frivolous and objectively unreasonable. Without any ownership interest in the copyrights in suit, LED's claim is factually objectively unreasonable. LED's claim is also legally objectively unreasonable. LED sought attorneys' fees and statutory damages under the Copyright Act but attorneys' fees and statutory damages are not available where alleged copyright infringement commenced before the effective date of copyright registration. 17 U.S.C. 412; *see* Compl., Transferred Action ECF No. [1], at Count VIII at Ad Damnum Clause. Here, LED alleges that Counterclaim Defendants' infringement began before PPI ever applied for copyright registration. *See* Compl., Transferred Action ECF No. [1], at 60, 115 and Exhibits I and H thereto (noting alleged infringement began before registration); *see also* Certification of Darth M. Newman, Esquire at Exhibit A, Email from United States Copyright Office Confirming Copyright Registrations at Transferred Action ECF No. [11-1]. Requesting relief not available under the Copyright Act is grounds for the award of prevailing party attorneys' fees. *Budget Cinema v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996) (reversing District Court decision denying defendant attorneys' fees as an abuse of discretion where plaintiff sought statutory damages and attorneys' fees not available under 17 U.S.C. 412) cited approvingly by *Hermosilla v. Coca-Cola Co.*, 2011 WL 9364952, at *6-7 (S.D. Fla. July 15, 2011) (awarding attorneys

fees where claim of copyright infringement was objectively unreasonable) (Magistrate's report and recommendation) affirmed by 492 Fed. Appx. 73 (11th Cir. 2012).

In addition, LED's decision to file suit on its meritless copyright claims the day after it sent Aadyn a cease and desist letter is further evidence that LED's claim is "objectively unreasonable." *See* Cease and Desist Letter, attached as Exhibit I to LED's Compl., Transferred Action ECF No. [1]; *Dawes-Ordonez v. Forman*, 418 Fed. App. 819, 821 (11th Cir. 2011). The court in *Dawes-Ordonez* affirmed the District Court's award of attorneys' fees "to deter copyright holders from filing [copyright infringement] suits without first attempting to resolve the matter outside of court" where the evidence showed that the plaintiff failed to notify the alleged infringer before filing suit. *Id.* The Eleventh Circuit also awarded sanctions against the plaintiff for brining a frivolous appeal of the District Court's award of attorneys' fees. *Id.*

Finally, because LED's frivolous copyright infringement claim appears to have been pled for the improper purpose of using an obviously meritless claim to trigger the Illinois Court's federal question jurisdiction, the motivation and deterrence factors weigh heavily in favor of an award of fees. *Fogerty*, 510 U.S. at 535 n. 19. If the Court dismisses LED's claim of copyright infringement, the Court should also award Counterclaim Defendants their attorneys' fees as the prevailing party under 17 U.S.C. 505.

### D. *LED's Conspiracy Claims are Legal Impossibilities and Must Be Dismissed*.

To state a claim for conspiracy, LED must plead a combination of two or more persons acting in concert to achieve an unlawful purpose or to "accomplish some purpose by unlawful means." *Nicholson v. Kellin*, 481 So. 2d 931, 935 (Fla. 5th DCA1985). For both

of its conspiracy claims (Counts II and VI), LED alleges that the individual Counterclaim Defendants conspired with Aadyn to harm either Contursi (Count II) or PPI (Count VI). *See* Compl., Transferred Action ECF No. [1], at 74-78, 102-106.  Elsewhere in its Complaint, LED admits that each of the individual Counterclaim Defendants is an officer and a "manager/member of Defendant Aadyn." *See* Compl., Transferred Action ECF No. [1], at 4-6.

Under Florida law, "a conspiracy requires the combination of two or more persons -- a meeting of two independent minds intent on one purpose." *Cedar Hills Properties Corp. v. Eastern Federal Corp.*, 575 So. 2d 673, 676 (Fla.1st DCA 1991); *Buckner v. Lower Florida Keys Hospital Dist.*, 403 So.2d 1025 (Fla. 1981), rev. denied, 412 So.2d 463 (Fla. 1982).  However, "under basic agency principles, the acts of a corporation's agents are considered to be those of a single legal actor," thus it is not legally possibly for a corporation and its agents to conspire. *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000); *U.S. v. Hartley*, 678 F.2d 961, 970 (11th Cir.1982); *Am. Credit Card Tel. Co. v. Nat.'l Pay Tel. Corp.*, 504 So.2d 486, 488-489 (Fla. 1st DCA 1987); *Garrido v. Burger King Corp.*, 558 So.2d 79, 81 (Fla. 3d DCA 1990).  This concept is commonly referred to as the intracorporate conspiracy doctrine.  "[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves*." McAndrew*, 206 F.3d at 1036; see also *Am. Credit Card Tel. Co.*, 504 So.2d at 488-489; *Garrido*, 558 So.2d at 81.

Here, LED has failed to plead any cognizable claim for civil conspiracy.  LED has alleged that the individual Counterclaim Defendants "are members, officers or agents of

Aadyn." *See* Compl., Transferred Action ECF No. [1], at 119. LED has also asserted that Aadyn conspired with these same members, officers and agents, to harm either Contursi or PPI. These claims are a "legal impossibility" in Florida and, under Rule 12(b)(6), the Court must dismiss Counts II and VI of LED's Complaint with prejudice.

### E.   *LED's Fraud Allegations Do Not Mention Aadyn*

The essential elements to state a cause of action for fraud under Florida law are:

> (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person.

*Joyeria Paris, SRL v. Gus & Eric Custom Serv., Inc.*, 2013 WL 6633175, *3 (S.D. Fla. 2013) (citing *State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 F. App'x 714, 720 (11th Cir. 2011) (quoting *Gandy v. Trans World Computer Tech. Grp.*, 787 So.2d 116, 118 (Fla. 2d DCA 2001)); *see also Serefex Corp. v. Hickman Holdings, LP*, 695 F. Supp. 2d 1331, 1342 (M.D. Fla. 2010).

Although LED's fraud claims, Counts I and V, are titled as being brought against "all Defendants" neither count alleges that Aadyn made any representation to Contursi, LED, or PPI much less any misrepresentation of a material fact. Naturally then, LED fails to allege that Contursi, LED, or PPI reasonably relied on any misrepresentation made by Aadyn or suffered any damages as a result of their reasonable reliance. Including Aadyn in the caption of Counts I and V but not making any allegations directed at Aadyn is insufficient as a matter of law to state a claim for fraud. *Serefex*, 695 F. Supp. 2d at 1342 ("the complaint should inform each defendant of the nature of his alleged participation in the fraud") (internal quotation and citation omitted). Under Rule 12(b)(6), LED's claims

against Aadyn for fraud must be dismissed.

### F.   LED's Fraud and Civil Conspiracy Allegations Are Not Pled With Particularity

Rule 9(b) requires that in "alleging fraud… a party must state with particularity the circumstances constituting fraud or mistake."

> In order to do so, a plaintiff must set forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Infante v. Bank of America Corp.*, 468 Fed. Appx. 918, 919-920 (11th Cir. 2012). Moreover, and as this Court has recognized, Florida does not recognize an independent cause of action for civil conspiracy. *Alhassid v. Bank of America, N.A.*, No. 14-civ-20484, 2014 WL 6480656, at *10 (S.D. Fla. Nov. 17, 2014). In order to state a claim for civil conspiracy "the plaintiff must allege an underlying illegal act or tort on which [the] conspiracy is based. *Id.* Because the underlying tort here is the fraud allegedly committed by the individual Counterclaim Defendants, LED's civil conspiracy claims must also comply with the heightened pleading standard set out in Rule 9(b). *Id.* They do not. A plaintiff's "failure to allege a specific element of fraud in a complaint is fatal when challenged by a motion to dismiss." *Id.* at 920 (internal quotation and citation omitted).

LED failed to plead its allegations of fraud and civil conspiracy in Counts I, II, V and VI with sufficient particularity. Instead of providing the required "who, what, when, where, and how" of any alleged fraud and civil conspiracy, Counts I, II, V and VI of LED's Complaint is composed of conclusory allegations that the individual Counterclaim

Defendants represented to Contursi or PPI that they would receive compensation. *Serefex*, 695 F. Supp. 2d at 1341; Compl., Transferred Action ECF No. [1], at 62-73; 91-101.  Despite intimating that each of the individual Counterclaim Defendants made numerous representations to Contursi or PPI, LED fails to allege what was actually said, or when, where, and how those representations were made. Compl., Transferred Action ECF No. [1], at 62-73; 91-101.  In addition, LED lumps all of the individual Counterclaim Defendants together and never alleged that any particular one of them made any specific representation.[6]  *Id.*  "[G]eneralized allegations lumping multiple defendants together are insufficient." *West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc.*, 287 Fed. Appx. 81, 87 (11th Cir. 2008); *Serefex*, 695 F. Supp. 2d at 1342.

LED's allegations regarding Aadyn's profitability form the basis for LED's allegation that Counterclaim Defendants' representations were false.  *See* Compl., Transferred Action ECF No. [1], at 72 and 100.  These crucial allegations are also impermissibly conclusory.  Under Rule 12(b)(6), LED's claims of fraud and civil conspiracy against all of the Counterclaim Defendants must be dismissed.

## CONCLUSION

For the foregoing reasons, Plaintiffs/Counterclaim Defendants respectfully request that this Court dismiss LED's claims for fraud (Counts I and V), civil conspiracy (Counts II and VI), and copyright infringement (Count VIII) for failure to state a claim upon which relief can be granted, award Counterclaim Defendants their attorney's fees pursuant to 17

---

[6] The closest LED comes to making a specific allegation is Paragraph 71 of LED's Complaint which alleges that Gallagher told Contursi that "When Aadyn turns a profit, those who have worked will get paid."  However, this alleged statement came after Contursi allegedly performed the services about which LED complains.

U.S.C. § 505, enter an order in accordance herewith, and take such other and further action as is just and proper.

Dated:   December 23, 2014               Respectfully submitted,
        Boca Raton, FL

*s/ Robin I. Frank*
ROBIN I. FRANK, ESQ.
Florida Bar No. 0649619
E-Mail: rifrank@sbwlawfirm.com
SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL  33434
Telephone:   (561) 477-7800
Facsimile:   (561) 477-7722
Counsel for Plaintiffs/Counterclaim Defendants

and

*s/ Darth M. Newman*
DARTH M. NEWMAN, ESQ.
New Jersey Bar No. 032282008
E-Mail: dnewman@archerlaw.com
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
Telephone:   (856) 673-3905
Facsimile:   (856) 673-7035
Co-Counsel for Plaintiffs/Counterclaim Defendants (*Pro Hac Vice*)

## CERTIFICATE OF SERVICE

      I hereby certify that on December 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF and on all Defendants via U.S. Mail.

*s/ Robin I. Frank*
ROBIN I. FRANK, ESQ.

## SERVICE LIST

*Professional LED Lighting, Inc. v. Aadyn Technology, LLC, et al.*
*AAdyn Technology, LLC, et al. v. Professional LED Lighting, Ltd., et al.*
Case No. 0:14-cv-61376-BB
United States District Court, Southern District of Florida

| | |
|---|---|
| Robin I. Frank, Esq.<br>E-Mail: rifrank@sbwlawfirm.com<br>Aram C. Bloom, Esq.<br>E-Mail: acbloom@sbwlawfirm.com<br>Adam S. Chotiner, Esq.<br>E-Mail: aschotiner@sbwlawfirm.com<br>Shapiro Blasi Wasserman & Gora, P.A.<br>7777 Glades Road, Suite 400<br>Boca Raton, FL  33434<br>Telephone:   (561) 477-7800<br>Facsimile:     (561) 477-7722<br>Counsel for Plaintiffs/Counterclaim Defendants<br>*Via CM/ECF* | Darth M. Newman, Esq.<br>E-Mail: dnewman@archerlaw.com<br>Archer & Greiner, P.C.<br>One Centennial Square<br>Haddonfield, NJ 08033<br>Telephone:   (856) 673-3905<br>Facsimile:     (856) 673-7035<br>Co-Counsel for Plaintiffs/Counterclaim Defendants (*Pro Hac Vice*)<br>*Via CM/ECF* |
| Eric Lee, Esq.<br>E-Mail: lee@leeamlaw.com<br>Lee & Amtzis, P.L.<br>5550 Glades Road, Suite 401<br>Boca Raton, FL 33431<br>Telephone:   (561) 981-9988<br>Counsel for Defendants/Counterclaim Plaintiffs<br>*Via CM/ECF* | |