UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:14-cv-61376-BB

PROFESSIONAL LED LIGHTING, LTD.,

        Plaintiff,

vs.

AADYN TECHNOLOGY, LLC,
FRANK GALLAGHER, MARC KAYE,
and WALTER LEFLER,

        Defendants.
_____/

AADYN TECHNOLOGY, LLC, a Delaware
Limited Liability Company; FRANK
GALLAGHER, a New Jersey citizen; MARC
KAYE, a Florida citizen; and WALTER
LEFLER, a New Jersey citizen,

        Plaintiffs,

vs.

PROFESSIONAL LED LIGHTING, LTD., an
Illinois company; PRODUCT
PRODUCTIONS, INC., an Illinois company;
and PHILIP CONTURSI, an Illinois citizen,

        Defendants.
_____/

## AFFIDAVIT AS TO REASONABLENESS OF ATTORNEYS' FEES

STATE OF FLORIDA      )
                    ) SS:
COUNTY OF PALM BEACH  )

        BEFORE ME, the undersigned authority, duly authorized to administer oaths and

take acknowledgments, personally appeared ELLEN M. LEIBOVITCH, who is

**EXHIBIT "B"**

personally known to me and, after being first duly sworn and taking an oath, deposes and says that:

1.      I am a Florida Bar Board Certified Labor and Employment Law Specialist licensed to practice law in the State of Florida.  The majority of my practice involves the litigation of federal court matters involving labor and employment law matters, as well as commercial and business litigation matters.

2.      I am a partner in the Boca Raton office of the law firm of Assouline & Berlowe, P.A.

3.      I have been licensed to practice law in the State of Florida since 1987.  I am admitted to practice law in the United States District Court, Southern, Middle and Northern Districts of Florida.

4.      I have reviewed the relevant file materials and the time records for counsel for Plaintiffs/Counterclaim Defendants in this action and have conferred with counsel for Plaintiffs/Counterclaim Defendants – Robin I. Frank – regarding services rendered in this cause.  I have also reviewed the affidavits of fees and costs submitted by Robin I. Frank and Darth M. Newman, counsel for Plaintiffs/Counterclaim Defendants.

5.      I am fully familiar with the fees customarily charged by attorneys in the tri-county area in federal court for the type of services provided by attorneys Frank and Newman.

6.      I am fully familiar with the case of *Norman v. Housing Authority of the City of Montgomery*, 836 F. 2d 1292 (11th Cir. 1988) and the twelve factors in *Johnson v. Georgia Highway Exp.*, 448 F. 2d 714, 717-19 (5th Cir. 1974) for determining a reasonable fee.

**EXHIBIT "B"**

7.     I am familiar with Ms. Frank, Plaintiffs/Counterclaim Defendants' counsel, the length of Ms. Frank's experience, her reputation in the community, her skills and experience, and the hourly rate received by those lawyers for work of equal quality as that performed in the present case.  While I have not met the *pro hac vice* counsel in this matter, I have reviewed the affidavit of Darth M. Newman, reviewed the billing records from the firm Archer & Greiner, P.C., the biographies of the attorneys from Archer & Greiner, P.C. who billed time on this matter (Mr. Newman and Kate Sozio), the relevant file and docket materials in this matter, including materials in the Northern District of Illinois cause which was ultimately consolidated into this action.

8.     It is my opinion that a reasonable prevailing market rate in our local community for services similar to those performed by Ms. Frank in the present case by a lawyer with reasonable comparable skills, experience and reputation is $325.00 per hour.  It is also my opinion that a reasonable prevailing market rate in our local community for services similar to those performed by Mr. Newman and Ms. Sozio in the present case by lawyers with reasonable comparable skills, experience and reputation are $295.00 and $220.00 per hour, respectively.

9.     It is also my opinion that the work performed in connection with Plaintiffs'/Counterclaim Defendants' Motion to Dismiss was kept to a minimum of what was reasonable and necessary and no unnecessary work was undertaken.  I have examined the time listed on the billing recaps of hours expended on this file and compared it to the actual materials filed and am of the opinion that work was done efficiently and without undue prolongation of effort, was not redundant, reflects a distinct contribution to the case and is within the customary practice in this area of the law as is

3

**EXHIBIT "B"**

practiced in the tri-county area.

10.     I am aware that the work done by counsel for Plaintiff/Counterclaim Defendants on the motion to dismiss encompassed dismissal of the copyright claim (for which this Court has awarded attorneys' fees) and dismissal of other claims (for which this Court has not awarded attorneys' fees).  However, it is my opinion that the work done by counsel in connection with securing dismissal of the copyright claim is intertwined with and cannot easily be differentiated from work done on dismissal of the other claims. *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000) ("In an award of 'reasonable attorney fees' pursuant to the Lanham Act, a party cannot recover legal fees incurred in litigating non-Lanham Act claims unless 'the Lanham Act claims and non-Lanham Act claims are so intertwined that it is impossible to differentiate between work done on [the separate] claims.'")

11.     Accordingly, it is my opinion that a total of $23,215.00 for attorneys' fees ($19,705.00 for Archer & Greiner and $3,510.00 for Shapiro, Blasi & Wasserman, P.A.) would be an appropriate amount to award Plaintiffs'/Counterclaim Defendants' attorneys for the work performed in connection with the subject motion to dismiss.

12.     I have evaluated the factors below in determining my opinion of a reasonable attorneys' fee:

        a.  the time and labor required;
        b.  the novelty and difficulty of the questions;
        c.  the skill requisite to perform the legal service properly;
        d.  the preclusion of other employment by the attorney due to the acceptance  of the case;
        e.  the customary fee;
        f.  whether the fee is fixed or contingent;
        g.  time limitations imposed by the client or the circumstances;
        h.  the amount involved and the results obtained;
        I.  the experience, reputation and ability of the attorneys;

**EXHIBIT "B"**

j.  the "undesirability" of the case;
k.  the nature and length of the professional relationship with the client; and
l.  awards in similar cases.

FURTHER AFFIANT SAYETH NOT.

ELLEN M. LEIBOVITCH

SWORN TO AND SUBSCRIBED before me this 27th day of February, 2015.

NOTARY PUBLIC, STATE OF FLORIDA

My Commission Expires: 4|8|2016

Notary Public State of Florida
Bonnie Fenyves
My Commission EE 187230
Expires 04/08/2016

5

**EXHIBIT "B"**