UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CIV-61376-BLOOM/Valle

PROFESSIONAL LED LIGHTING, LTD.,

    Plaintiff,

v.

AADYN TECHNOLOGY, LLC,
FRANK GALLAGHER,
MARC KAYE, and WALTER LEFLER,

    Defendants.
_____/

AADYN TECHNOLOGY, LLC, a Delaware
Limited Liability Company; FRANK
GALLAGHER, a New Jersey citizen; MARC
KAYE, a Florida citizen; and WALTER
LEFLER, a New Jersey citizen,

    Plaintiffs,

v.

PROFESSIONAL LED LIGHTING, LTD., an
Illinois company; PRODUCT
PRODUCTIONS, INC., an Illinois company;
and PHILIP CONTURSI, an Illinois citizen,

    Defendants.
_____/

## ORDER ON MOTION FOR DEFAULT JUDGMENT AND MOTION TO DISMISS

**THIS CAUSE** came before the Court on the Motion to Set Aside Final Judgment by Default, ECF No. [51] (the "Motion"), filed by Professional LED Lighting, Ltd. ("LED"), Product Productions, Inc. ("PPI") and Philip Contursi (together, the Contursi Parties"). The

1

CASE NO. 14-CIV-61376-BLOOM/Valle

Court has carefully reviewed the Motion, all supporting and opposing submissions, the record in this case and applicable law, and for the reasons set forth below, denies the Motion.

### I.     PROCEDURAL BACKGROUND

Through the instant Motion, the Contursi Parties ask the Court to set aside its Order of Final Judgment by Default entered on December 18, 2014, ECF No. [28]. General familiarity with the procedural posture, factual background and law of the case is assumed. See ECF No. [52] (Order on Motion for Default Judgment and Motion to Dismiss); *Prof'l LED Lighting, Ltd. v. AAdyn Tech., LLC*, --- F. Supp. 3d ---, 2015 WL 687416 (S.D. Fla. Feb. 18, 2015).

To recount some background, LED initiated suit (the "LED Complaint") against AAdyn Technology, LLC ("AAdyn"), Frank Gallagher, Marc Kaye and Walter Lefler (together, the "AAdyn Parties") on April 4, 2014 in the United States District Court for the Northern District of Illinois, Case No. 14-cv-62786 (the "Illinois Action"). On June 13, 2014, the AAdyn parties submitted a motion to dismiss the Illinois Action and filed their complaint against the Contursi Parties before this Court, ECF No. [1] (the "AAdyn Complaint").

The Contursi Parties failed to appear or defend in this action. The Clerk entered default on October 28, 2014. ECF No. [21]. The AAdyn Parties moved for default judgment on November 20, 2014. ECF No. [23] (Motion for Default Judgment). On December 10, 2014, the Court in part granted and in part denied that motion. ECF No. [26] (Order on Default Judgment). The Court determined that, given the Contursi Parties' default and the clear evidence presented by the AAdyn Parties, the AAdyn Parties had stated and supported their claim for breach of contract (Count I of the AAdyn Complaint). However, the Court *sua sponte* assessed its exercise of jurisdiction with respect to the other claims asserted in the AAdyn Complaint in light of the first filed doctrine and the Illinois Action. The Court declined to rule on the AAdyn Parties' two

2

claims for declaratory relief – which addressed liability owing from the AAdyn Parties to the Contursi Parties on the basis of certain purported agreements and certain copyrights purportedly owned by either PPI or LED, both the subject of the LED Complaint.  The Court subsequently issued the Order of Final Judgment by Default against LED and PPI, jointly and severally, with respect to the breach of contract claim, and issued a second order clarifying that the judgment was immediately executable, ECF No. [31] (Order of Clarification).

Concurrent with this Court's consideration of the AAdyn Parties' Motion for Default Judgment, the District Court in Illinois resolved the AAdyn Parties' motion to dismiss the Illinois Action, and on November 11, 2014, transferred the action to this District (on the basis of a forum selection clause in one of the parties' contracts).  Illinois Action ECF Nos. [24], [25].  This Court then consolidated the actions and directed the AAdyn Parties to respond or submit a motion pursuant to Fed. R. Civ. P. 12 with respect to the LED Complaint and the Contursi Parties to show cause why the declaratory relief requested in the Motion for Default Judgment should not be granted by default, within specified deadlines. ECF No. [27].  The parties timely complied.  The Court considered the AAdyn Parties' motion to dismiss, and well as their Motion for Default Judgment with the benefit of the Contursi Parties' Response, and on February 18, 2015, issued the Order on Motion for Default Judgment and Motion to Dismiss.

With respect to the Motion for Default Judgment, the Court determined that it has (and had) subject matter jurisdiction over the AAdyn Complaint and personal jurisdiction over the Contursi Parties, such that the Clerk's entry of default and the Court's Order on Default Judgment and issuance of Final Judgment by Default were proper.  The Court further determined that the prior filing of the Illinois Action would not disturb enforcement of the Order on Default Judgment or Order of Final Judgment by Default.

CASE NO. 14-CIV-61376-BLOOM/Valle

On February 2, 2015, the AAdyn Parties registered the Final Judgment by Default in the Northern District of Illinois, Case No. 15-01148 (the "Enforcement Action"). On February 11, 2015, service of a Citation to Discover Assets in the full amount of the judgment was made on non-party American Chartered Bank. *See* ECF No. [54-1] (Martin Cert.) Exh. 2 (Aff. Of Service). As a result, and consistent with Illinois law, American Chartered Bank placed a freeze on the Contursi Parties' business accounts. *See* ECF No. [51-3]. On February 13, 2015, the same day on which they filed the instant Motion, the Contursi Parties filed an emergency motion in the Enforcement Action to quash or stay enforcement of the Final Judgment by Default. Enforcement Action ECF No. [9]. On February 13, 2015, the District Court hearing the Enforcement Action entered an order quashing the original citations but stayed that order to permit the AAdyn Parties to re-issue amended citations in a lower amount. *See* Enforcement Action ECF No. [11]. The court did so based on the AAdyn Parties' admission, before this Court, that it was entitled to a citation to discover assets only with respect to the amount of the judgment that was not set off by amounts owing from the AAdyn Parties to the Contursi Parties and on the fact that the amounts available in the PPI and LED accounts was less than the off-set amount. *See* Martin Cert. Exh. 5 (2/13/15 Hr'g Tr. in Enforcement Action); Order on Default Judgment at 7-8. On February 17, 2015, the same day on which this Court issued the Order on Motion for Default Judgment and Motion to Dismiss, the AAdyn Parties served American Chartered Bank with Amended Citations. Enforcement Action ECF No. [15].

## II.   DISCUSSION

Mostly rehashing arguments considered and rejected in the Order on Motion for Default Judgment and Motion to Dismiss, the Contursi Parties argue that the Court should set aside its Order of Final Judgment by Default. There is no basis for that relief.

### A. The Contursi Parties Are Not Entitled To Rule 60 Relief

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, a court may "relieve a party . . . from a final judgment, order, or proceeding" based on – relevant to the arguments raised by the Contursi Parties here – "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment [being] void; . . . or (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). Under Rule 60(b), final judgments should not be "lightly reopened." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 679-80 (11th Cir. 1984). "The desirability for order and predictability in the judicial process speaks for caution in the reopening of judgments." *Id*.

#### 1. The Contursi Parties Cannot Establish Excusable Neglect

"To establish mistake, inadvertence, or excusable neglect under Rule 60(b)(1), a defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Valdez v. Feltman (In re Worldwide Web Sys., Inc.)*, 328 F.3d 1291, 1295 (11th Cir. 2003) (quoting *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).

"[T]o establish a meritorious defense . . . a party must demonstrate a defense that probably would have been successful, in addition to showing excusable neglect." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986); *see also Davis v. Oldham*, 2007 WL 4115292, at *5 (M.D. Fla. Nov. 16, 2007) ("A meritorious defense, in the context of a motion to vacate a default is demonstrated when the allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.") (quotation omitted). The bar for stating a meritorious defense for Rule 60(b)(1) purposes is low: "the "likelihood of success is not the measure[; i]nstead, it is sufficient where a Defendant has

5

provided by clear statements a 'hint of a suggestion' that his case has merit." *Rodriguez v. Brim's Food, Inc.*, 2013 WL 3147348, at *3 (S.D. Fla. June 19, 2013) (citations omitted); *see also Argoitia v. C & J Sons, LLC*, 2014 WL 1912011, at *2 (S.D. Fla. May 13, 2014) ("[T]he proper measure is whether Defendants have provided by 'clear statements' a 'hint of a suggestion' that their defenses have merit."); *Bank of New York v. Brunsman*, 683 F. Supp. 2d 1300, 1303 (M.D. Fla. 2010) (meritorious defense stated where defendant "alleged colorable defenses, which exceed a mere general denial of the allegations against them"); *Buonocore v. Credit One Bank, N.A.*, 2014 WL 6620623, at *2 (M.D. Ga. Nov. 21, 2014) ("[A] defendant need only show a 'hint of a suggestion' to meet the requisite standard of a meritorious defense.") (citing *Moldwood Corp. v. Stutts*, 410 F.2d 351 (5th Cir. 1969)); *Suntrust Bank v. Armsey*, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) ("[T]he Court's review at this juncture is limited to an inquiry of whether Defendant's allegations are entirely devoid of merit."). The Contursi Parties argue that a provision in the parties' March 28, 2012 dealership agreement undermines the AAdyn Parties' breach of contract claim by suggesting that the products for which LED/PPI failed to pay were provided by AAdyn free of charge. While the argument seems unlikely to stand up against, for example, the host of invoices and receipts submitted by the AAdyn Parties in support of their Motion for Default Judgment, it provides a "hint" of a colorable argument.

"[W]hen analyzing a claim of excusable neglect . . . [p]rimary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); *see also Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (according primary importance to the absence of prejudice to the nonmoving party and to the

interest of efficient judicial administration).  Delay can amount to prejudice.  *See S.E.C. v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007) ("We have held on numerous prior occasions that an inexplicable delay in filing a motion to vacate after learning of a default judgment precludes relief under 60(b)(1)."); *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 935 (11th Cir. 2007) ("The longer a defendant . . . delays in responding to a complaint, the more compelling the reason it must provide for its inaction when it seeks to set aside a default judgment.").

      The AAdyn Parties highlight that the Contursi Parties have failed to explain their delay in seeking relief from the issuance of final default judgment against them in the months since the Court granted the Motion for Default Judgment and issued the Order on Final Judgment by Default (in December 2014), and since, at the very least, they first appeared in this action (on December 22, 2014).  The Contursi Parties' delay is all the more strange in light of the urgency of their motion to quash enforcement of the judgment in the Enforcement Action.  In fact, the District Court there suggested that the Contursi Parties bring their request to vacate the judgment before this Court on an emergency basis.  All the same, once the Court set a January 20, 2015 deadline for the Contursi Parties to show cause why default judgment should not be granted on the remaining claims asserted in the AAdyn Complaint, the legitimacy of Court's default judgment Orders was (at least in part) at issue.  While a Rule 60 motion does not affect the finality or suspend operation of the subject judgment, FED. R. CIV. P. 60(c)(2), the AAdyn Parties cannot claim serious prejudice from the delayed enforcement of a judgment effectively under reconsideration.  Moreover, there has not been any actual delay in enforcement of the judgment. The District Court in the Enforcement Action has not allowed collateral attack on the Final Judgment by Default and has permitted the AAdyn Parties to move forward in the process of collecting on that judgment.  Further, it does not appear that LED or PPI have the resources even

at this time to satisfy the judgment. In sum, under the facts here, prejudice, in terms of delay, does not weight heavily in either direction.

"While the absence of prejudice to the nonmoving party and the interest of efficient judicial administration are of 'primary importance,' . . . a determination of excusable neglect is an equitable one that necessarily involves consideration of all three elements – a meritorious defense, prejudice, and a good reason for not responding to the complaint." *Valdez*, 328 F.3d at 1297. "[A] lack of prejudice is not enough, by itself, to warrant relief." *Simmons*, 241 F. App'x at 664. As the Court has repeated several times in this case, the Contursi Parties have provided no excuse for their failure to appear or defend in this action. Yet again in the Motion, they fail to put forward a "good reason" for not responding to the AAdyn Complaint in the first place.

The Contursi Parties argue that the doctrine of claim splitting justifies their failure to appear in this forum after first filing in Illinois. That doctrine has no application here. Rather, it bars a plaintiff from initiating two different suits in different fora relating to the same transaction or occurrence, and "ensures that a plaintiff may not split up his demand and prosecute it by piecemeal, or present only a portion of the grounds upon which relief is sought, and leave the rest to be presented in a second suit, if the first fails." *Greene v. H & R Block Eastern Enters., Inc.*, 727 F.Supp.2d 1363, 1367 (S.D. Fla. 2010) (citation omitted); *see also Hard Rock Cafe Int'l (USA), Inc. v. Am. Horse, LLC*, 2012 WL 503881, at *2 (M.D. Fla. Jan. 6, 2012); *Robbins v. Gen. Motors De Mexico, S. DE R.L. DE CV.*, 816 F. Supp. 2d 1261, 1263 (M.D. Fla. 2011) (explaining that "Florida recognizes the rule against splitting causes of action as an aspect of the doctrine of res judicata" and that "the rule against splitting causes of action makes it incumbent upon plaintiffs to raise all available claims involving the same circumstances in one action") (quotations omitted). While judicial efficiency would have been served by the AAdyn Parties

filing counterclaims in the Illinois Action rather than initiating suit here, they did not file separate suits on the same underlying transaction. Even if they had, it still would not justify the Contursi Parties' inaction. As the Court stated with respect to the first-filed doctrine, had the Contursi Parties wished to raise their claim splitting argument in order to stay or dismiss this action, they could have made a timely and appropriate motion seeking that relief. They declined to do so. Their neglect is not excusable.

### 2. The Order of Final Judgment by Default Was Not Void

The Contursi Parties argue that the Order of Final Judgment by Default was void for lack of subject matter and personal jurisdiction. The Court has already considered and rejected those arguments and need not reconsider them here.

### 3. No Other Reason Justifies The Relief Sought

Finally, the Contursi Parties argue for equitable relief under Rule 60(b)(6) based on the AAdyn Parties' admission that, the judgment aside, AAdyn owes PPI or LED $48,422.32 in unpaid commissions, unreimbursed travel expenses, website expenses and shipping costs under the parties' May 2, 2011 sales representative agreement. Rule 60(b) (6) "is a broadly drafted umbrella provision which has been described as a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Griffin*, 722 F.2d 680. However, "[r]elief under [Rule 60(b)(6)] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001) (quoting *Griffin*, 722 F.2d at 680). Further, "[t]he provisions of Rule 60(b) are mutually exclusive, meaning a party cannot offer reasons for relief under Rule 60(b)(6) that he also offers or could offer under one of the other five subsections of Rule 60(b). *S.E.C. v. Pitters*, 2011 WL 4527811, at *3 (S.D. Fla. Sept. 28, 2011) (citing *United States v. Real*

CASE NO. 14-CIV-61376-BLOOM/Valle

*Property & Residence Located at Route 1, Box 111 Firetower Road*, 920 F.2d 788, 791 (11th Cir. 1991); *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986).

The AAdyn parties did admit to $48,422.32 owing from AAdyn to PPI or LED, and only sought default judgment in the amount of $40,349.68, setting off from the $88,772 owed to them by the Contursi Parties. However, as the Court explained in its Order on Default Judgment, because the sales representative agreement under which AAdyn maintained it owed the $48,422.32 to PPI or LED was the subject of LED's breach of contract claim in the Illinois Action, in light of the first-filed doctrine, the Court declined to rule on any liability owing from the AAdyn Parties to the Contursi Parties. After all, AAdyn's liability could end up being greater or less than the admitted $48,422.32, potentially leading to inconsistent judgments upon eventual resolution of LED' claims. In point of fact, the Contursi Parties now assert that they are owed in excess of the amount admitted. *See* ECF No. [60] (Reply) at 4. As such, the Court adjudicated only Count I of the AAdyn Complaint, and only rendered judgment on the $88,772 owed by LED and PPI, jointly and severally, to AAdyn under the parties' dealership agreement.[1]

---

[1] As an aside, the Court notes that the Contursi Parties questioned the Court's judgment of joint and several liability against PPI and LED in arguing against enforcement of the Final Judgment by Default in the Enforcement Action. 2/13/15 Hr'g Tr. in Enforcement Action at 17:6-21, 18:2-19:2, 29:22-30:4. They claimed they were "befuddled" that joint and several liability could issue on a contract action as to which only one of the judgment debtors was a signatory to the original contract. But as the Contursi Parties well know, the AAdyn Parties alleged that LED, the original party to the dealership agreement, claimed to have assigned its rights under the agreement to PPI – but that the assignment was done without AAdyn's approval and, therefore, improper. *See* AAdyn Compl. ¶¶ 79-80; Order on Default Judgment at 5. "A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). In any event, LED itself stated, in the LED Complaint, that it assigned the dealership agreement to PPI. LED Compl. ¶ 49. Given the facts alleged in the AAdyn Complaint and admitted by virtue of the Contursi Parties' default – that LED was AAdyn's contract counterparty but that LED improperly purported to assign the contract to PPI – the Court issued judgment for breach of contract against LED and PPI jointly and severally.

The Contursi Parties in effect ask the Court to vacate its entry of final judgment by default because they have live claims against their judgment creditor. They do have live claims and those claims may prove meritorious. Perhaps even in excess of the judgment amount. But final judgment is appropriate here, where the Contursi Parties failed to defend or appear in this action after being properly served, after being given actual notice (as, at the very least, the Contursi Parties admit was the case with LED), after being directed by the Court to respond, and after being defaulted. This case certainly does not present the type of "exceptional circumstances" required for relief under Rule 60(b)(6).

### B.     Stay on Execution Under Rule 62(h)

The Contursi Parties are not entitled to relief under Rule 60. However, the particularities of this case warrant staying enforcement of the Order of Final Judgment by Default under Rule 62(h). That rule provides that "[a] court may stay the enforcement of a final judgment entered under Rule 54(b) until it enters a later judgment or judgments, and may prescribe terms necessary to secure the benefit of the stayed judgment for the party in whose favor it was entered." Those terms apply here. Further, the Court will require a supersedeas bond be posted only as to the "offset" amount of $40,349.68. Accordingly, the Court will stay enforcement, upon posting by the Contursi Parties of appropriate security, as further described below.

### C.     Failure to Confer In Accordance With Local Rules

The AAdyn Parties ask that the Court deny the Motion, and assess sanctions, for the Contursi Parties' failure to comply with S.D. Fla. L. R. 7.1(a)(3) requiring a good faith effort to resolve issues before filing a motion. Without delving into the particulars, the AAdyn Parties are correct that the Contursi Parties did not make either a reasonable effort to confer – emailing counsel they knew was unavailable and contacting counsel, if they in fact did so, hours before

11

filing – or to resolve the issues presented in the Motion. *See* ECF Nos. [54-2], [54-3]. However, as the AAdyn Parties make clear in their response, even a good faith effort would not have resulted in agreement on the motion to vacate. Sanctions are, therefore, not warranted. *See*, *e.g.*, *Chauve v. Costa Crociere, S.p.A.*, 2007 WL 2916326, at *2 (S.D. Fla. Oct. 8, 2007) (declining to enforce sanctions where "under the circumstances of this case it is clear that a conference with defense counsel would not have resolved the issues").

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, ECF No. [51], is **DENIED**.

2. Pursuant to Fed. R. Civ. P. 62(h) and S.D. Fla. L. R. 62.1(a), the Order of Final Judgment by Default, ECF No. [28], is **STAYED** pending full resolution of this matter or further order of the Court, ***provided that*** no later than **April 1, 2015**, PPI or LED (separately or together) post a supersedeas bond in the amount of 110% of $40,349.68, the amount of the judgment the AAdyn Parties have stipulated remains unsatisfied, or $44,384.65.

3. Should PPI or LED fail to post the required security **by April 2, 2015**, the Order of Final Judgment by Default, ECF No. [28], will be immediately executable without further action by any party or order of this Court.

4. This Order modifies ECF No. [31] regarding execution on ECF No. [28].

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of March, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record