UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-cv-61376-BLOOM/VALLE

PROFESSIONAL LED LIGHTING,
LTD., an Illinois company,

      Plaintiff,

      v.

AADYN TECHNOLOGY LLC, a
Delaware limited liability company,
et al.,

      Defendants,
_____

AADYN TECHNOLOGY LLC, a
Delaware limited liability company,
et al.,

      Plaintiffs,

      v.

PROFESSIONAL LED LIGHTING,
LTD., an Illinois company,

      Defendant,
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

**THIS MATTER** is before the Court on Plaintiffs'/Counter-Defendants' Notice of Attorneys' Fees and Costs (ECF No. 53) (the "Motion for Fees and Costs"). Plaintiffs were represented by two law firms in this case, Archer & Greiner, P.C., of Haddonfield, New Jersey, and Shapiro, Blasi & Wasserman, P.A., of West Palm Beach, Florida, and seek each firm's fees and costs pursuant to the Court's partial grant of Plaintiffs' (hereinafter referred to as "Plaintiffs" or the "Aadyn Parties") motion to dismiss the copyright claim in Count VIII (the "Motion to

Dismiss"). (ECF No. 52). Specifically, Plaintiffs request $31,848.55 in fees and $318.64 in costs for their work in connection with this matter.[1] United States District Judge Beth Bloom has referred the Motion for Fees and Costs to the undersigned for a Report and Recommendation. (ECF No. 55).

Accordingly, having reviewed the Motion for Fees and Costs, Defendant LED Lighting, Ltd.'s ("Defendant LED's") Response (ECF No. 57), and Plaintiffs' Reply (ECF No. 61), and being otherwise duly advised in the matter, the undersigned recommends that the Motion for Fees and Costs be **GRANTED IN PART** and **DENIED IN PART**. As set forth below, the undersigned recommends that Plaintiffs/Counter-Defendants be awarded a total of **$21,556.25** in attorneys' fees and **$284.38** in costs.

## I.  BACKGROUND

This case involves parallel actions filed in this District and in the Northern District of Illinois. On April 4, 2014, Defendant LED filed a Complaint in the United States District Court for the Northern District of Illinois against the Aadyn Parties, asserting claims on behalf of Product Productions, Inc. ("PPI") and Philip Contursi for copyright infringement, fraud, unjust enrichment, civil conspiracy, and breach of contract. *See Professional LED Lighting, Ltd., v. Aadyn Technology*, No. 14-02440-CIV (N.D. Ill. 2014) (the "Illinois Action").

On June 13, 2014, the Aadyn Parties filed a separate complaint against Defendant LED in this District, alleging breach of contract and requesting declaratory relief (ECF No. 1) (the "South Florida Action"). That same day, the Aadyn Parties filed a motion to dismiss the Illinois

---

[1] The Aadyn parties did not clearly set forth the total amount of fees requested. Rather, in the initial Motion for Fees and Costs, the Aadyn Parties request $23,215 in fees incurred for the Motion to Dismiss, and $4,540.50 for the initial Motion on Fees and Costs. (ECF No. 53 at 13). In their reply brief, the Aadyn Parties assert that they "have incurred an additional $4,093.05 in attorneys' fees for the preparation of [the] reply." (ECF No. 61 at 6). The undersigned, therefore, combined these two figures to calculate the Aadyn Parties' total fee request.

2

Action or to transfer venue to the Southern District of Florida. *See* (ECF No. 11 in the Illinois Action). On November 21, 2014, the Illinois District Court transferred the Illinois Action to this District. (ECF No. 24 in the Illinois Action). On December 16, 2014, the Illinois Action was consolidated with the South Florida Action. (ECF No. 27).

Thereafter, on December 23, 2014, the Aadyn Parties filed a Motion to Dismiss several counts of Defendant LED's complaint, including Count VIII, which alleged copyright infringement. (ECF No. 32). On February 18, 2015, the District Court partially granted the Motion to Dismiss, finding that Defendant LED lacked standing to bring PPI's claim of infringement against the Aadyn Parties. (ECF No. 52 at 18-19). The District Court also ruled that costs and attorneys' fees be assessed against Defendant LED pursuant to 17 U.S.C. § 505. (ECF No. 52 at 33).

The Aadyn Parties then filed the instant Motion for Fees and Costs. (ECF No. 53). Defendant LED opposes the request. (ECF No. 57). According to Defendant LED, any award of attorneys' fees should be drastically reduced and strictly limited to the fees that the Aadyn Parties incurred in connection with obtaining the dismissal of the copyright claim in Count VIII. *Id.* at 3. Defendant LED also challenges the Aadyn Parties' request for fees incurred in connection with litigating attorneys' fees and costs, commonly known as "fees on fees." *Id.* at 17-18. Defendant LED argues that the Aadyn Parties' should be compensated for no more than ten hours of work. *Id*. at 18.

## II.     DISCUSSION

### A. Entitlement to Attorneys' Fees

Under the "American Rule," litigants generally are not entitled to an award of attorneys' fees for prevailing in litigation unless provided by statute or contract. *See, e.g.*, *In re Martinez*,

416 F.3d 1286, 1288 (11th Cir. 2005). This action is governed by 17 U.S.C. § 505, which provides remedies for copyright infringement. Pursuant to 17 U.S.C. § 505, the Court has the discretion to allow the recovery of full costs by or against any party (other than the United States) and may award reasonable attorneys' fees to the prevailing party. Accordingly, as the prevailing party on the Motion to Dismiss the copyright claim (ECF No. 52), the Aadyn Parties are entitled to an award of reasonable attorneys' fees and costs.

### B. The Lodestar Method of Determining Reasonable Fees

In assessing the reasonableness of a request for attorneys' fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorneys' services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorneys' services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. When a request for attorneys' fees is unreasonably high, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, 12-24356-CIV, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548

4

F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 1.   Reasonable Hourly Rates

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 437 (internal quotation marks and citation omitted). Here, the relevant legal community is South Florida.

The Aadyn Parties seek an award for the services of three attorneys: Darth M. Newman and Kate Sozio of the New Jersey firm Archer & Greiner, P.C., and Robin I. Frank of the Florida firm Shapiro, Blasi & Wasserman, P.A. (ECF No. 53-1 at 1-2, 17-18). Mr. Newman and Ms. Sozio are both associates with Archer & Greiner, with hourly rates of $295 and $220, respectively. (ECF No. 53-1 at 1-2, 3 ). Ms. Frank, a partner with Shapiro, Blasi, has an hourly rate of $325. (ECF No. 53-1 at 18).

A district court may use an out-of-district hourly rate—or some rate in between the out-of-district rate sought and the rates charged by local attorneys—in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 191 (2d Cir. 2008). In determining reasonable hourly rates in the relevant legal market, the undersigned may also consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other

5

employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[2] The Court also "'may consider [her] own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303). The undersigned has considered the relevant *Johnson* factors, and has reviewed counsel's qualifications, the affidavits of Mr. Newman (ECF No. 53-1 at 1-16), Ms. Frank (ECF No. 53-1 at 17-21), and Ms. Ellen Leibovitch (ECF No. 53-2).

Mr. Newman is a senior associate with Archer & Greiner, whose practice is devoted to intellectual property litigation. Mr. Newman has been licensed to practice in the State of New Jersey and the Commonwealth of Pennsylvania since 2008. He is admitted to practice before the United States Court of Appeals for the Sixth Circuit and the United States District Courts of the Eastern District of Pennsylvania and the District of New Jersey. In addition he has been admitted *pro hac vice* in the Delaware Chancery Court, the District Court for the Northern District of Ohio, the Southern District of New York and this Court. (ECF No. 53 at 6). Mr. Newman received his B.A. degree in 2004 from the University of Michigan, with distinction, and his J.D. from the University of Pennsylvania Law School. (ECF No. 53-1 at 2).

---

[2] The 12 *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and, (12) the awards in similar cases. Although this Circuit has determined that the *Johnson* balancing test has been "displaced by the lodestar formula," it has also permitted district courts to consider these factors in establishing a reasonable hourly rate. *Loranger*, 10 F.3d at 781 n.6.

Ms. Sozio is a junior associate at Archer & Greiner, who also practices primarily intellectual property litigation. (ECF No. 53 at 6). Ms. Sozio has been licensed to practice law in the State of New Jersey and the Commonwealth of Pennsylvania since 2012. *Id*. She has been admitted to practice before the United States District Courts for the Eastern District of Pennsylvania and New Jersey. *Id.* Ms. Sozio received her B.S. degree in 2006 from Drexel University, magna cum laude, and her J.D. in 2012 from Drexel University School of Law, cum laude. (ECF No. 53-1 at 2).

Ms. Frank is a partner at Shapiro, Blasi, whose practice is predominately devoted to federal litigation. Ms. Frank has been licensed to practice law in the State of Florida since 2003, and is admitted to practice law in the United States Court of Appeals, Eleventh Circuit, and the United States District Court, Southern and Middle Districts of Florida. (ECF No. 53-1 at 18). In addition, Ms. Frank is a member in good standing of the Florida Bar and Federal Bar and has been recognized as a "top up-and comer" and "rising star" in the South Florida Legal Guide and Florida Super Lawyer's Magazine. *Id.* She received her B.A. degree summa cum laude in 2000 from Florida Atlantic University, and her J.D. magna cum laude in 2003 from the University of Miami School of Law. *Id.*

Based on a review of counsel's experience and qualifications, and the Court's own judgment and expertise, the undersigned finds that counsel's hourly rates are reasonable and within the range of what is customary for their respective experience and skill in the South Florida market. Therefore, the undersigned recommends that Mr. Newman be reimbursed at the hourly rate of $295, Ms. Sozio at the hourly rate of $220, and Ms. Frank at the hourly rate of $325.

## 2. Reasonable Hours Expended

Having determined the reasonable hourly rates, the undersigned next addresses the reasonableness of the hours expended by the attorneys working on the case. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman,* 836 F.2d at 1301 (internal quotation marks and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432–33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

The Court has reviewed the billing records of both law firms. *See* (ECF No. 53-1). The Aadyn Parties request a total of $31,848.55, consisting of $23,215 in attorneys' fees for researching and drafting the substantive Motion to Dismiss the copyright claim, and $8,633.55 incurred connection with the Motion for Fees and Costs ($4,540.50 for the initial Motion (ECF No. 53 at 13) and $4,093.05 for the reply brief (ECF No. 61 at 6)).

According to Defendant LED, the Aadyn Parties have spent "an outrageous amount of hours, 89.9, briefing the Motion to Dismiss."[3] (ECF No. 57 at 5). This, Defendant argues, after having filed a motion to dismiss in the Illinois Action that was "substantially similar to the Motion to Dismiss in this action." *Id.* Defendant LED thus urges the Court to reduce the number of hours for which the Aadyn Parties could be compensated to no more than 10 hours. (ECF No. 57 at 18).

For the reasons discussed below, the Court finds that a reduction in the number of hours is appropriate, albeit not as substantial as the reduction Defendant LED suggests.

### a. The Services of Archer & Greiner, P.C.

The Aadyn Parties request compensation for 79 hours billed by Mr. Newman and Ms. Sozio at Archer & Greiner. (ECF No. 53 at 9). Archer & Greiner's request, however, must be adjusted because of poor billing judgment.

First, Archer & Greiner engaged in duplicative billing. For example, a substantial portion of the December 2014 brief seeking dismissal of the copyright claim appears to have been originally prepared six months earlier—in June 2014—in connection with the motion to dismiss the Illinois Action. *Compare* (ECF No. 32 in this action) *with* (ECF No. 12 in the Illinois Action). Archer & Greiner was counsel in both cases. Upon comparison, sections of the Motion to Dismiss in this case are simply a copy of the earlier brief filed in the Illinois Action. *Compare* (ECF No. 12 at 8-9, 13, 14 in the Illinois Action) *with* (ECF No. 32 at 5-6, 7, 8, 9 in the instant action). Thus, Archer & Greiner's hours incurred on the Motion to Dismiss (ECF No. 32) are duplicative and excessive.

---

[3] Based on the billing records, the Court independently calculated that the Aadyn Parties expended 89.8 on briefing the Motion to Dismiss and the Court's analysis is based on 89.8 hours.

Second, Archer & Greiner exercised poor judgment through its use of block billing, which is the practice of including multiple distinct tasks within the same time entry. *See Bujanowski v. Kocontes*, No. 8:08-cv-0390-T-33EAJ, 2009 WL 1564263, at *2 (M.D. Fla. Feb. 2, 2009). Indeed, many of Ms. Sozio's billing entries contain block billing. *See, e.g.,* (ECF No. 53-1 at 7 and 10-11, listing entries for 12/16/14, 12/18/14, 1/19/15, 1/29/15, and 1/30/15). Ms. Sozio's time entry for December 18, 2014, for instance, contains distinct tasks lumped together totaling 7.9 hours. (ECF No. 53-1 at 7). A similar entry on January 19, 2015, for 5.4 hours reads as follows: "Reviewed cases cited in Defendant's brief; drafted section on intracorporate conspiracy doctrine for inclusion in reply brief; researched and compiled case law on defective service under IL law for inclusion in reply brief." *Id.* at 10. Another entry on January 29, 2015 lists 8.6 hours for "[continuing] to research and [draft] reply brief in further support of motion to dismiss and brief in further support of default judgment." *Id.* These types of entries make it impossible for the undersigned to determine how much time was spent on each discreet task.

Like Ms. Sozio's billing entries, Mr. Newman's entries also contain block billing, albeit to a lesser extent. *See, e.g.,* (ECF No. 53-1 at 8, 11, and 12, listing entries for 12/23/14, 1/30/15, and 2/2/15). Mr. Newman's time entry for January 30, 2015, for instance, totals 2.5 hours and includes reviewing/revising the reply to the motion to dismiss and conferring with Ms. Sozio and the client regarding a call with RJ Contant. (ECF No. 53-1 at 11). A similar entry on February 2, 2015 for 4.9 hour reads: "review/revise reply briefs and confer with FL counsel re: same; confer with K. Sozio re: same; emails with client []; draft declarations for same." *Id.* at 12.

While the undersigned does not doubt that counsel worked in good faith on the projects attributed to this case, the Court must be able to verify the need or relatedness of those projects

10

before it can approve payment for the time incurred. *See Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *15 (S.D. Fla. July 15, 2011). Because of counsel's block billing, however, it is impossible for the undersigned "to ascertain how much time was spent on each task." *Dial HD, Inc. v. ClearOne Comm'n, Inc.*, 536 Fed. App'x 927, 931 (11th Cir. 2013). Due to these poor billing practices, the number of hours billed by Mr. Newman and Ms. Sozio require adjustment.

### b. The Services of Shapiro, Blasi & Wasserman, P.A.

The Aadyn Parties also seek compensation for 10.8 hours billed by Ms. Frank for her work on the Motion to Dismiss. (ECF No. 53 at 9). Like Archer & Greiner, however, Shapiro, Blasi exercised poor billing judgment through its use of block billing. For instance, Ms. Frank's time entry for December 23, 2014, contains distinct tasks lumped together into one entry totaling 5 hours. (ECF No. 53-1 at 20). The entry reads: "Revise motion to dismiss and incorporated memorandum of law; Emails and telephone calls with opposing counsel on same; Legal research in support of motion." *Id.* Another entry on February 2, 2015 for 4 hours reads: "Review and revise reply memos to motion to dismiss and to order to show cause; Emails and telephone calls with opposing counsel on same; Finalize declaration of N. Lewis in support of same." *Id.* Thus, because of these billing inefficiencies, Ms. Frank's hours should also be reduced.

### 3. Time Worked on Issues Other than the Copyright Claim

The Aadyn Parties' fee award must also be limited to fees for work done to obtain the dismissal of the copyright claim under 17 U.S.C. § 505. No fees can be awarded for counsel's work on unsuccessful claims. *Hensley*, 461 U.S. at 435. Therefore, the undersigned must differentiate, where possible, between time counsel spent working on obtaining the dismissal of the copyright claim and time spent on other noncompensable matters, like the claims for civil

conspiracy. *See, e.g., Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000) (holding that a prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys' fees only for work related to the Lanham Act claims); *Costa v. Datapro, Inc.*, No. 10-23172-CIV, 2012 WL 591307, at *5 (S.D. Fla. Feb. 22, 2012) (reducing a fee award to exclude noncompensable matters).

The key factor for the Court to consider in differentiating between compensable and noncompensable claims is not whether the same *conduct* underlies the claims, but whether the Court can distinguish between the attorneys' *work* on the different claims. *Gracie*, 217 F.3d at 1070; *Costa*, 2012 WL 591307, at *5. Unfortunately, there is no precise rule or formula for making these determinations. *Hensley*, 461 U.S. at 436-37. Instead, the Court may attempt to identify specific hours that should be eliminated or it can simply reduce the award to account for the parties' limited success. *Id.*

In this regard, the Aadyn Parties submit that their Motion to Dismiss addressed overlapping and intertwined issues. (ECF No. 53 at 12). The Aadyn Parties concede that some of the fees for which they seek reimbursement may arguably apply to both the copyright section of the Motion to Dismiss and to other matters. *Id.* Nevertheless, they claim to have exercised billing judgment when they deducted the following hours from their fee request: (a) 16.2 hours that the Aadyn Parties identified as concerning issues unrelated to the copyright claim; (b) one-half hour of Ms. Sozio's time on February 2, 2015; and (c) all of the time billed by supervising partner Mr. Richard J. Contant. *Id.*; (ECF No. 53-1 at 4-5).

Defendant LED challenges these assertions and argues that the Aadyn Parties improperly seek to recover attorneys' fees and costs unrelated to the copyright claim. (ECF No. 57 at 9-11). Defendant LED also argues that, because of counsel's poor billing

practices, time spent on the compensable copyright claim cannot be separated from time spent on noncompensable matters. *Id.* at 11.

After reviewing the billing records, the undersigned finds it impossible to accurately discern between time spent by counsel on the copyright claim and time spent on other noncompensable matters. The Aadyn Parties filed the Motion to Dismiss (ECF No. 32) on December 23, 2014, and their reply (ECF No. 43) on February 2, 2015. The problem, however, is that many of the time entries preceding these two filings refer generally to researching and revising these motions, without identifying what *issue* or *claim* was being addressed.[4] *See, e.g.,* (ECF No. 53-1 at 7-10) (listing entries for 12/16/14, 12/21/14, 12/23/14, 1/14/15, 1/26/15, and 1/29/15). Moreover, some of the billed tasks are, on their face, unrelated to the copyright claim. *Id.* at 7, 10 (12/18/14 entry by Mr. Newman regarding work on *enforcement of judgment*; 1/19/15 entry by Ms. Sozio for drafting section on *intracorporate conspiracy doctrine*).

The Aadyn Parties recognize these shortcomings and assert that they have already excluded some time spent on unrelated claims. (ECF Nos. 53 at 12 and 53-1 at 5). But the Aadyn Parties' modest reduction is simply not enough to satisfy the Court that the fees requested are attributable to the compensable copyright claim and not to fees incurred on noncompensable matters. Accordingly, the undersigned recommends an across-the-board reduction to the hours billed by each attorney. *See, e.g., Gracie*, 217 F.3d at 1070 (noting that the district court has a duty to make some attempt to adjust the fee award to reflect, even if imprecisely, work performed on non-Lanham Act claims).

---

[4] Only a few entries contain this kind of detail. *See e.g.,* (ECF No. 53-1 at 7) (containing time entries for 12/19/14 that identifies research of *fraud pleadings*, and entry for 12/22/14 that identifies work on *final default).*

### 4. A 25% Across-the-Board Reduction in Hours is Appropriate

In sum, because of: (a) the difficulty in accurately discerning between counsel's time on the compensable copyright claim versus time spent on noncompensable matters; (b) counsel's use of block billing; and (c) counsel's poor billing judgment as evidenced by duplicative and excessive hours, the undersigned recommends that counsel's hours be reduced with an across-the-board cut of 25%. *See Bivins*, 548 F.3d at 1350; *see also Bujanowski*, 2009 WL 1564263, at *2 (explaining that courts have "broad discretion in determining the extent to which a reduction in fees is warranted by block billing"). Thus, counsel's hours should be reduced from 89.8 to 67.35 hours. Specifically, Mr. Newman's hours should be reduced from 31 to 23.25, Ms. Sozio's hours should be reduced from 48 to 36, and Ms. Frank's should be reduced from 10.8 to 8.1

Based on this analysis, the Aadyn Parties should be awarded $17,411.25 in attorneys' fees incurred for litigating the Motion to Dismiss the copyright claim, with $14,778.75 awarded to Archer & Greiner, and $2,632.50 awarded to Shapiro, Blasi.[5]

### C. Request for Fees Incurred in Litigating the Fee Award

The Court next addresses the Aadyn Parties' request for an additional $8,633.55 in fees associated with the costs of litigating the Motion for Fees and Costs, commonly known as a request for "fees on fees." (ECF Nos. 53 at 13 and 61 at 6). Defendant LED opposes this request.

Both parties cite cases to support their respective positions. *Compare* (ECF No. 57 at 17-18) *with* (ECF No. 61 at 4-6). However, the Court is unaware of and the parties do not reference

---

[5] This amount is based on the following calculation: $6,858.75 for Mr. Newman's hours (23.25 x $295 per hour), $7,920 for Ms. Sozio's hours (36 x $220 per hour), and $2,632.50 for Ms. Frank's hours (8.1 hours x $325 per hour).

Eleventh Circuit precedent directly addressing whether time spent litigating a fee award for prevailing on a *copyright* claim is recoverable. Defendant LED, on the one hand, cites to *McMahan v. Toto*, 311 F.3d 1077, 1085 (11th Cir. 2002), an Eleventh Circuit case applying Florida state law, for the proposition that fees incurred litigating the amount of attorney's fees are not recoverable. (ECF No. 57 at 17). The Aadyn Parties, on the other hand, cite to *Valley v. Ocean Sky Limo,* No. 14-80816-CIV, 2015 WL 410074, at *4 (S.D. Fla. Feb. 2, 2015), for the proposition that "it is well settled that time expended litigating attorney's fees is fully compensable." (ECF No. 61 at 4). But *Valley*, like *McMahan*, is not a copyright case. Rather, *Valley* is a case under the Fair Labor Standards Act. Similarly, *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242 (11th Cir. 2003), which is referenced in *Valley,* concerns an award of fees on fees for a civil rights claim under 42 U.S.C. § 1988, not a copyright claim.

Absent binding precedent, the undersigned is guided by the above non-copyright cases to determine the appropriateness of an award of fees on fees in this copyright setting. *Inouye v. Kemna*, 504 F.3d 705, 714 (9th Cir. 2007) ("Absent binding precedent, we look to all available decisional law, including the law of other circuits and district courts, to determine whether the right was clearly established."). For instance, in *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242 (11th Cir. 2003), the Eleventh Circuit concluded that while lawyers should not be compensated for turning the litigation about attorneys' fees into a 'second major litigation,' a district court may not entirely deny a civil rights litigant recovery of statutory fees, which the Court had previously determined included fees for litigating fees.[6] *Thompson*, 334 F.3d at 1245; *see also Thompson v. Gomez*, 45 F.3d 1365, 1368 (9th Cir. 1995) (affirming the reduction for

---

[6] Like the copyright statute (17 U.S.C. § 505), the Civil Rights Act generally provides that the court may allow the prevailing party a reasonable attorneys' fee as part of costs. 42 U.S.C. § 1988.

fees on fees to exclude work on unsuccessful claims).  In *Thompson,* the Eleventh Circuit stated that entitlement to fees was a legislative fiat that included compensation for the reasonable efforts to pursue those statutory fees.  *Thompson*, 334 F.3d at 1245.  In this regard, the Court noted that completely denying compensation for the time spent litigating the fee award would diminish the proper net award of attorneys' fees for the successful litigant and would frustrate Congressional intent.  *Id.*  The undersigned finds the considerations expressed by the Eleventh Circuit in *Thompson* useful in determining whether to award fees on fees to the prevailing party for the copyright claim.

In addition, courts in other districts have awarded fees on fees to copyright litigants.  *See, e.g., Video-Cinema Films, Inc. v. Cable News Network, Inc.*, No. 98 CIV.7128 BSJ, 2004 WL 213032, at *5-6 (S.D.N.Y. Feb. 3, 2004) (granting fees and costs for the fee proceeding); *Graham-Sult v. Clainos*, No. C 10-4877 CW, 2013 WL 1190294, at *2 (N.D. Cal. Mar. 21, 2013) (granting defendants' request for fees on fees); *HyperQuest, Inc. v. N'Site Sols., Inc.*, No. 08 C 483, 2008 WL 4821660, at *2 (N.D. Ill. Nov. 3, 2008) (granting reduced fees on fees); *Simpleville Music v. Mizell*, 511 F. Supp. 2d 1158, 1164 (M.D. Ala. 2007) (granting reduced award for preparing motion for attorney's fees).

Lastly, the undersigned concludes that the award of fees on fees to a prevailing copyright litigant is consistent with the legislative purpose of the Copyright Act.  The primary goal of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public.  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 524 (1994).  In the copyright context, entities which sue for copyright infringement can run the gamut from corporate behemoths to starving artists.  *Id.*  "Because copyright law ultimately serves the purpose of enriching the general public through access to creative works, it is peculiarly important that the

boundaries of copyright law be demarcated as clearly as possible." *Id.* at 527. Thus, an award of fees on fees to a prevailing copyright litigant furthers the goals of the Copyright Act.

Accordingly, given the Eleventh Circuit case law supporting the award of fees on fees in non-copyright contexts, the case law in other districts awarding fees on fees in copyright cases, and the statutory purpose behind the Copyright Act, the undersigned finds that an award of fees on fees is appropriate in this case. Thus, the Court recommends that the Aadyn Parties be awarded the reasonable fees incurred in connection with litigating the fee award.

In this regard, the Aadyn Parties request $4,540.50 for the initial Motion for Fees and Costs, plus $4,093.05 for their reply, for $8,633.55 in total. (ECF Nos. 53 at 13 and 61 at 6). These amounts, however, result from excessive and duplicative hours. Indeed, counsel spent more than 30 hours briefing the Motion for Fees and Costs. Both Mr. Newman and Ms. Frank, for instance, spent time researching and drafting the reply brief. Mr. Newman spent more than 13 hours on this task, while Ms. Frank spent almost 3 hours. (ECF Nos. 61-1 at 4 and 61-2 at 4). Given the duplication of effort and the limited issues in the Motion for Fees and Costs, the undersigned finds these hours excessive and recommends a reduction. *See, e.g.*, *Simpleville Music*, 511 F. Supp. 2d at 1165 (concluding that 34 hours to prepare a motion for attorneys' fees was excessive).

Specifically, Mr. Newman's hours should be reduced from 21.8 to 10 hours (at $295 per hour); Ms. Sozio's hours should be reduced from 3.6 to 1 hour (at $220 per hour), and Ms. Frank's hours should be reduced from 6.7 to 3 hours (at $325 per hour). The Aadyn Parties should, therefore, be awarded $3,170 in fees for the services of Archer & Greiner in litigating the fee award, and $975 for the services of Shapiro, Blasi, for a total of $4,145 in attorneys' fees for litigating the fee award.

### D. Total Overall Award of Attorneys' Fees

For the reasons set forth above, the undersigned recommends that the Court award the Aadyn Parties' a total of $21,556.25 in attorneys' fees under 17 U.S.C. § 505 for prevailing on the Motion to Dismiss the copyright claim. Specifically, Archer & Greiner should be awarded $17,948.75 in fees (based on $14,778.75 for litigating the dismissal of the copyright claim and $3,170 for litigating the fee award), and Shapiro, Blasi should be awarded $3,607.50 in fees (based on $2,632.50 for litigating the dismissal of the copyright claim and $975 for litigating the fee award).

### E. Costs Pursuant to 17 U.S.C. § 505

In addition to attorneys' fees, a prevailing party may recover costs, unless otherwise directed by the Court or applicable statute. *See* Fed. R. Civ. P. 54(d)(1). 17 U.S.C. § 505 allows for the recovery of full costs if those costs are incidental and necessary to the litigation. *Hermosilla*, 2011 WL 9364952, at *19. Here, the Aadyn Parties request a total of $318.64 for costs and expenses for computer research (Lexis) and photocopying in connection with the Motion to Dismiss and the Motion for Fees and Costs.[7]

#### 1. Computer Assisted Legal Research – Lexis Charges

A prevailing defendant in a copyright infringement action may be awarded the cost of computer assisted research. *See, e.,g.*, *Invessys, Inc., v. The McGraw-Hill Companies, Ltd.*, 369 F.3d 16, 22 (1st Cir. 2004) (computer assisted legal research should be reimbursed under 17 U.S.C. § 505, so long as it is paid by the firm to a third party provider and is customarily charged by the firm to its clients as a separate disbursement); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, No. 04-22780-CIV, 2009 WL 6337121, at *29 (S.D. Fla. Jan. 12, 2009) (defendant

---

[7] The Aadyn Parties seek $192.40 for costs related to preparing the Motion to Dismiss and $124.24 in costs and expenses incurred in preparing the instant Motion. (ECF No. 53-1 at 5).

awarded out-of-pocket expenses for computer research); *Lil' Joe Wein Music, Inc. v. Jackson,* No. 06-20079-CIV, 2008 WL 2688117, at *13 (S.D. Fla. July 1, 2008) (computer research charges were awarded to defendant). Thus, the Aadyn Parties are entitled to recover the cost of computer assisted research that is incidental and necessary to the litigation. *Jackson,* 2008 WL 2688117, at *14.

Here, the Aadyn Parties request reimbursement for Lexis research pertaining to the Motion to Dismiss and the instant Motion for Fees and Costs. (ECF No. 53-1 at 11, 15-16). After reviewing the billing records, however, the Court recommends a reduction in the Aadyn Parties's requested award for Lexis computer assisted research. Specifically, the Aadyn Parties should not be reimbursed for a $32.26 Lexis charge on November 7, 2014, incurred by a person initialed "LAS" for a service described as a "LexisNexis Risk Data Management Inc." (ECF No. 53-1 at 11). There is no evidence that this charge was necessary to the litigation or that it related to research conducted on the claims in this case. The remaining Lexis charges appear reasonable and necessary for the litigation. Accordingly, undersigned recommends awarding the Aadyn Parties $277.58 for the costs of computer assisted research.

### 2. Photocopying Expense

The Copyright Act includes the authority to award out-of-pocket expenses incurred by the attorney which are typically charged to the client in the course of providing legal services such as photocopying. *See, e.g., Jackson*, 2008 WL 2688117, at *14. Thus, the Court recommends awarding the Aadyn Parties $6.80 for the cost incurred of photocopying. (ECF 53-1 at 11).

### 3. Total Award of Costs

For the reasons set forth above, the Court recommends that the Aadyn Parties be awarded a total of $286.38, for the costs and expenses of computer assisted research (Lexis) and photocopying.

### III. RECOMMENDATION

Accordingly, the undersigned hereby **RECOMMENDS** as follows:

1.    Plaintiffs'/Counter-Defendants' Notice of Attorneys' Fees and Costs (ECF No. 53) should be **GRANTED IN PART** and **DENIED IN PART**. The Aadyn Parties should be awarded a total of **$21,556.25** in attorneys' fees: **$17,948.75** in fees for Archer & Greiner's services, and **$3,607.50** in fees for Shapiro, Blasi's services. The Aadyn Parties should also be awarded **$284.38** in total costs.

The parties have 14 days from the date of this Report and Recommendation within which to serve and file written objections, if any, with United States District Judge Beth Bloom. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, on July 22, 2015.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Beth Bloom
     All Counsel of Record